UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| RICHARD O'HARA,<br><br>Petitioner,<br><br>v.<br><br>RICARDO RIOS, Local Director/Warden,<br>MICHAEL NALLEY, Regional Director,<br>and HARLEY LAPPIN, National Director,<br><br>Respondents. | Civil No. 08-5160 (JRT/JJK)<br><br><br>**ORDER ADOPTING REPORT AND<br>RECOMMENDATION** |

Richard O'Hara, #05981-089, 9595 West Quincy Avenue, Littleton, CO 80123, petitioner *pro se*.

Ana H. Voss and Gregory G. Brooker, Assistant United States Attorneys, **OFFICE OF THE UNITED STATES ATTORNEY**, 600 United States Courthouse, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for respondents.

Petitioner Richard O'Hara objects to a Report and Recommendation issued by United States Magistrate Judge Jeffrey J. Keyes on February 19, 2009. After a *de novo* review of those objections, the Court adopts the Report and Recommendation for the reasons stated below.

## BACKGROUND

On March 19, 2001, O'Hara was convicted by a jury in the Eastern District of Wisconsin of one count of conspiracy to possess stolen property and one count of traveling in interstate commerce to commit extortion. *See United States v. O'Hara*, 301 F.3d 563, 566 (7th Cir. 2002). O'Hara was sentenced to 120 months imprisonment. *Id*.

O'Hara is currently incarcerated at the Federal Correctional Institution in Waseca, Minnesota ("FCI-Waseca"), and his projected release date is December 1, 2009. (Buege Decl., Docket No. 6, ¶¶ 3-4.)

On July 15, 2008, staff at FCI-Waseca determined that O'Hara should spend the last 180 days of his sentence in a Residential Reentry Center ("RRC"). (*Id*., ¶¶ 5-6.) On September 11, 2008, O'Hara challenged this determination in a *pro se* petition for a writ of habeas corpus under § 2241.[1] O'Hara contends that the prison staff who determined the length of his RRC placement violated federal law by not providing him with a twelve-month RRC placement. O'Hara also argues that the manner in which the Bureau of Prisons ("BOP") determines RRC placements violates some prisoners' equal protection rights, because some elderly prisoners are treated differently depending on where they are incarcerated. The Magistrate Judge recommends that O'Hara's petition be dismissed, and O'Hara now objects to that recommendation.

## ANALYSIS

**I.     RRC PLACEMENT[2]**

18 U.S.C. § 3621(b) affords the BOP the authority to designate an inmate's place of imprisonment. In the course of exercising this discretion, the BOP is to consider

---

[1] The Court notes that O'Hara now agrees with the Magistrate Judge that the only appropriate defendant in this type of action is defendant Ricardo Rios, the warden at the facility where O'Hara is being held. *See Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004). In any event, the question of the appropriate defendants in this action is inconsequential, because O'Hara's petition fails on the merits for the reasons given below.

[2] Because the Court finds that this action fails on the merits, it need not address the question of whether O'Hara should have been required to exhaust his administrative remedies. Regardless, the Court agrees with the Magistrate Judge that it would be unreasonable to require O'Hara to adhere to an administrative timetable that will not be completed until his sentence is complete and this action is moot.

(1) the resources of the available facilities; (2) the nature and circumstances of the prisoner's offense; (3) the history and characteristics of the prisoner; (4) statements and recommendations from the sentencing court; and (5) policy statements issued by the United States Sentencing Commission. § 3621(b)(1)-(5). 18 U.S.C. § 3624 provides further direction relevant to the end of a prisoner's term of imprisonment. That statute directs the BOP to ensure, "to the extent practicable," that a prisoner spends "a portion" of the final months of his prison term under conditions that provide the prisoner with a "reasonable" opportunity to prepare for reentry into the community. § 3624(c). The statute notes that this RRC placement is "not to exceed 12 months."[3]

18 U.S.C. § 3624 further requires the BOP to issue regulations ensuring that its RRC placements are conducted in a manner consistent with section 3621(b); determined on an individual basis; and "of sufficient duration to provide the greatest likelihood of successful reintegration into the community." 18 U.S.C. § 3624(c)(6). After a statutory amendment and several judicial decisions striking down prior regulations, *see generally Miller v. Whitehead*, 527 F.3d 752, 754-56 (8th Cir. 2008), on April 14, 2008, the BOP issued a memo providing interim guidance for prison authorities making RRC determinations. *See Miller*, 527 F.3d at 756; (Objections, Docket No. 18, Ex. A-2). That memo clearly states that "staff <u>must</u> approach every individual inmate's assessment with the understanding that he/she is . . . <u>eligible</u> for a maximum of 12 months pre-release RRC placement." (Objections, Docket No. 18, Ex. A-2.) The guidance adds that because "[BOP] experience [suggests that] inmates' pre-release RRC needs can usually be

---

[3] The Eighth Circuit has held that in spite of § 3624(c)'s apparent limit on the length of RRC placements, the BOP is authorized under § 3621(b) to approve transition periods that exceed that limit. *Elwood v. Jeter*, 386 F.3d 842, 847 (8th Cir. 2004).

accommodated by a placement of six months or less," additional approvals are necessary if staff determines that a particular inmate requires a longer RRC placement. (*Id.*) Nothing in the BOP's guidance, however, restricts prison staff from recommending an RRC placement of longer than six months if such a placement is warranted by a prisoner's individual circumstances.[4]

In light of this background, as well as several prior decisions addressing RRC placements, it is clear beyond dispute that O'Hara does not have an enforceable legal right to a twelve-month placement in an RRC. *See, e.g.*, *Elwood v. Jeter*, 386 F.3d 842, 847 (8th Cir. 2004) (explaining that "18 U.S.C. § 3624(c) does not require placement" in an RRC; rather, "[i]t only obligates the BOP to facilitate transition from the prison system"); *Morrow v. Rios*, No. 08-320, 2009 WL 924525, at *2 (D. Minn. Mar. 31, 2009). Rather, federal law simply requires that the BOP make an individualized determination of the appropriate RRC period, with attention to the specific factors listed in 18 U.S.C. § 3621(b).

Here, the record demonstrates that prison staff performed such an analysis. Specifically, the prison's written explanation of its decision to provide O'Hara with a 180-day placement notes consideration of (1) the resources of the RRC facility, including its capacity to assist with O'Hara's job and housing search; the availability of any transportation and clothing assistance; and the availability of any mental health, substance abuse, medical, or educational resources; (2) O'Hara's history and characteristics, including his education level, prison work performance, prison

---

[4] The Court adds that the inclusion of such a heightened standard for RRC placements of longer than 180 days has been specifically approved by the Eighth Circuit. *See Miller v. Whitehead*, 527 F.3d 752, 757 (8th Cir. 2008).

disciplinary history, prior record, and participation in the Residential Drug Abuse Program ("RDAP"); (3) the recommendations made by the Court at O'Hara's sentencing; (4) the length of O'Hara's sentence relative to his guideline range; and (5) O'Hara's resources, including his housing options, life and job skills, and financial resources. (Buege Decl., Docket No. 6, Ex. B.) The assessment specifically adds that O'Hara has approximately $75,000 in cash, and appears on the verge of receiving half of marital assets totaling $5.1 million in a divorce settlement.[5] (Buege Decl., Docket No. 6, ¶ 7, Ex. B.) The assessment also specifically mentions that O'Hara's plan is to be released to Chicago, an area likely to offer more employment opportunities and services than most smaller communities. (*Id*.)

In sum, the record demonstrates that the prison staff conducted an individualized assessment of O'Hara's need for an RRC placement using the factors listed in 18 U.S.C. § 3621(b). After having been appropriately instructed that O'Hara was eligible for a placement of up to twelve months, the staff reasonably concluded that based on his specific circumstances, six months was a sufficient period of time to ease his reentry into

---

[5] While O'Hara notes in his objections that the money in his bank account has dwindled from $75,000 to approximately $26,000 since the BOP's determination, he does not dispute that he will have access to assets worth several million dollars following his divorce.

the community. The law entitled O'Hara to nothing more.[6] Accordingly, the Court agrees with the Magistrate Judge that O'Hara's petition must be dismissed.[7]

## II. ADDITIONAL MOTIONS

O'Hara filed two additional motions after the Magistrate Judge issued his Report and Recommendation, both asking the Court for permission to supplement the record. The first motion seeks to introduce additional guidance provided to prison officials handling RRC placements. O'Hara contends that this guidance affirmed that he was entitled to an RRC placement of up to twelve months, and that it was not heeded by prison staff. This guidance was promulgated well in advance of O'Hara's RRC determination, however, and there is nothing in the record that suggests that the prison officials assessing O'Hara's circumstances failed to understand it. Second, O'Hara offers additional evidence that he has exhausted all applicable administrative remedies. Because his petition fails regardless of whether this is so, these materials are unnecessary. Accordingly, both motions are denied.

---

[6] O'Hara briefly contends that the guidance provided to prison officials on April 14, 2008, repeatedly uses language mandating that certain criteria to be used – or that certain considerations be excluded – in the context of an RRC placement determination. O'Hara appears to contend that because of this mandatory language, he had a constitutionally protected liberty interest in a longer RRC period. This contention, however, is flatly contradicted by the statutory passages quoted above, which conclusively demonstrate that prisoners are not entitled to an RRC placement of any specific length.

[7] O'Hara does not appear to object to the Magistrate Judge's well-supported conclusion that the BOP's approach to RRC placements for elderly prisoners does not offend O'Hara's equal protection rights. In any event, the Court agrees with the Magistrate Judge's handling of this issue. The Magistrate Judge interpreted O'Hara's contention as a challenge to 42 U.S.C. § 17541(g), which establishes a pilot program for transferring certain elderly offenders from prison to home detention. The Magistrate Judge reasonably concluded that the differences in treatment contemplated by that statute – which are of course inevitable in the context of a pilot program – are rationally related to legitimate penal interests. *See Phillips v. Norris*, 320 F.3d 844, 848 (8th Cir. 2003) (providing the standard for prisoner equal protection claims where no protected class or fundamental right is violated).

**ORDER**

Based on the foregoing, all the files, records, and proceedings herein, the Court **OVERRULES** petitioner's objections [Docket No. 18] and **ADOPTS** the Report and Recommendation of the Magistrate Judge dated February 19, 2009 [Docket No. 13]. Accordingly, IT **IS HEREBY ORDERED** that:

1. Petitioner O'Hara's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [Docket No. 1] is **DENIED**.

   **IT IS FURTHER HEREBY ORDERED** that:

2. Petitioner's O'Hara's Motion to Expand the Record [Docket No. 14] is **DENIED**.

3. Petitioner's O'Hara's Motion to Supplement the Record [Docket No. 17] is **DENIED**.

4. This action is **DISMISSED WITH PREJUDICE**.

   **LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: September 28, 2009  
at Minneapolis, Minnesota.

_____s/ John R. Tunheim_____  
JOHN R. TUNHEIM  
United States District Judge